Scheindlin, J

Michael S. Davis
Greg M. Bernhard
Mary G. McCarthy
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Petitioner,
National Union Fire Insurance Company of Pittsburgh, Pa.

JUDGE SCHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PA, on behalf of itself and each of the
related insurers that provided insurance to respondent,

                Petitioner,

- against -

EXCEL STAFFING SERVICES INC. and its affiliated
entities,

                Respondent.

08 CIV 7249

**ORDER TO SHOW CAUSE**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/15/08

---

      UPON the annexed Petition of National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), on behalf of itself and each of the related insurers that provided insurance to respondent, against Excel Staffing Services, Inc. and its affiliated entities to compel arbitration and to appoint an arbitrator (the "Petition"), and upon reading and filing of the annexed Declaration of Greg M. Bernhard, dated August 14, 2008, and the exhibits thereto, and the accompanying memorandum of law; and

      WHEREAS, the Petition shows that Petitioner served a demand for arbitration of certain disputes between Respondent and Petitioner, which Petitioner asserts are subject to a valid and binding arbitration agreement between the parties; and

WHEREAS, the agreement annexed to the Petition states that any action to compel arbitration "may be brought only in a court of competent jurisdiction in the City, County and State of New York;" and

WHEREAS, Petitioner has now moved this Court for an Order pursuant to 9 U.S.C. § 1 et seq. to submit the Disputes to arbitration without delay; and

WHEREAS, 9 U.S.C. § 4 provides that this matter be heard on five days' notice; and

This Court, having considered the papers submitted in support of Petitioner's application, and sufficient cause therefore appearing, it is:

ORDERED, that Respondent show cause before this Court at a hearing (the "Hearing") at 500 Pearl Street, New York, New York 10007, courtroom 15C, on August 28, 2008, at 4:00 p.m., or as soon thereafter as counsel can be heard, why the Petition should not be granted; and it is further

ORDERED, that service of a copy of this Order to Show Cause together with the papers upon which it is granted, including the summons and petition, by overnight mail by August 16, 2008 addressed to:

> Peggy Butcher, Chief Financial Officer
> Excel Staffing Services
> 33747 N. Scottsdale Road, Suite 135
> Scottsdale, Arizona 85266

with a copy to Cliff Blake, President, at the same address.

shall be deemed good and sufficient notice and service of this application upon Respondent; and it is further

ORDERED that any written opposition to this Order to Show Cause shall be served upon Petitioner's counsel so as to be received by 5:00 p.m. on August 25, 2008.

Issued: New York, New York
August 15, 2008

_____
U.S.D.J.

530056.v1/10670-019/AIG

Michael S. Davis
Greg M. Bernhard
Mary G. McCarthy
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400
Attorneys for Petitioner,
National Union Fire Insurance Company of Pittsburgh, Pa.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, on behalf of itself and each of the related insurers that provided insurance to respondents,<br><br>        Petitioner,<br><br>- against -<br><br>EXCEL STAFFING SERVICES INC. and its affiliated entities,<br><br>        Respondent. | Case No.:<br><br>**DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE** |

STATE OF NEW YORK,
COUNTY OF NEW YORK.

    GREG M. BERNHARD, pursuant to 28 U.S.C. §1746, declares:

    1.  I am an attorney admitted to practice before this Court and an associate with Zeichner Ellman & Krause LLP, attorneys for Petitioner National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"). I make this Declaration in support of National Union's request for an Order to Show Cause to compel arbitration and to appoint an arbitrator to serve in the arbitration.

2. Submitted herewith is National Union's petition to appoint an arbitrator and to compel arbitration (the "Petition").

3. Annexed to the Petition as Exhibit 1 is the Demand for Arbitration dated June 23, 2008 served by National Union upon Respondent.

4. Annexed to the Petition as Exhibit 2 is a copy of the certified return receipt signed by Peggy Butcher.

5. Annexed to the Petition as Exhibit 3 are the ARIAS resumes of six individuals from the ARIAS Umpire list.

6. Annexed to the Petition as Exhibit 4 is the unpublished decision of the New York Supreme Court in National Union v. Dyneer.

7. Annexed to the Petition as Exhibit 5 is a copy of the Corporation Annual Report and Certificate of Disclosure filed by Excel Staffing Services, Inc. on or about July 17, 2007 from the Arizona Corporation Commission website (*http://www.azcc.gov*).

## REASON FOR MOVING BY ORDER TO SHOW CAUSE

8. National Union served the Demand for Arbitration dated June 23, 2008, asserting claims for all amounts owed to it as reimbursement, expenses, fees, premiums, damages or as security pursuant to the Payment Agreement.

9. National Union moves by Order to Show Cause because Section 4 of the Federal Arbitration Act (9 U.S.C. §4) provides that the motion to compel arbitration be heard on five days' notice.

## NO PRIOR APPLICATION

10. No prior application has been made for the relief requested herein.

11. I declare under penalties of perjury that the foregoing is true and correct.

Dated:   August 14, 2008

_____
GREG M. BERNHARD

Michael S. Davis
Greg M. Bernhard
Mary G. McCarthy
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Petitioner,
National Union Fire Insurance Company of Pittsburgh, Pa.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, on behalf of itself and each of the related insurers that provided insurance to respondents,<br><br>Petitioner,<br><br>- against -<br><br>EXCEL STAFFING SERVICES INC. and its affiliated entities,<br><br>Respondent. | Case No.:<br><br>**PETITION TO COMPEL ARBITRATION AND TO APPOINT AN ARBITRATOR** |

STATE OF NEW YORK,
COUNTY OF NEW YORK.

Petitioner, National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), on behalf of itself and each of the related insurers that provided insurance coverage to Respondent, by its attorneys Zeichner Ellman & Krause LLP, as and for its petition to appoint an arbitrator to serve in the arbitration between National Union, and Respondent Excel Staffing Services Inc. and its affiliated entities ("Excel"), avers upon information, as follows:

This Court has subject matter jurisdiction over this matter due to the diversity of citizenship of the parties, under 28 U.S.C. § 1332(a)(1). It is a dispute between citizens of different states and the amount in controversy is more than $75,000.

Petitioner National Union is a corporation existing under the laws of Pennsylvania, with offices and principal places of business in the Southern District of New York.

Respondent Excel is a corporation organized and existing under the laws of Arizona, with an office and principal place of business in Arizona.

Respondent is subject to the personal jurisdiction of this Court.

## THE INSURANCE PROGRAM AND BACKGROUND FACTS

1. Commencing on or about December 31, 2004 and thereafter, National Union and Excel entered into those certain agreements that are collectively annexed hereto as Exhibit 1, Demand Exhibit A. Those agreements, together with any applicable schedules and addenda, are referred to herein collectively as the "Program Agreements."

2. Pursuant to the Program Agreements, National Union issued policies of workers compensation insurance for the benefit of Excel and its employees.

3. The Program Agreements provide that Excel will pay certain amounts for premiums, losses, fees, and other expenses, and that Excel will also provide certain security to National Union on account of such obligations.

4. The Program Agreements explicitly contain broad arbitration clauses, requiring that any disputes be submitted to arbitration.

2

## DEMAND FOR ARBITRATION
## AND EXCEL'S DEFAULT

5.  By Demand for Arbitration dated June 23, 2008 (the "Demand"), National Union served a demand, in accordance with the Program Agreements, on Excel demanding, inter alia, that the dispute concerning unpaid amounts due to National Union be submitted to arbitration and that Excel appoint an arbitrator within thirty days. A copy of such Demand is attached as Exhibit 1.

6.  The Demand was received by Excel on June 26, 2008, as evidenced by the certified mail return receipt signed by Peggy Butcher. See, Exhibit 2.

7.  The Insurance Program Agreements contain an arbitration clause (the "Arbitration Clause") that provides:

> We will review the disputed items promptly and provide *You* with further explanations, details, or corrections. *You* must pay us the correct amounts for the disputed items within 10 days of agreement between *You* and us about their correct amounts. Any disputed items not resolved within 60 days after our response to *Your* written particulars must immediately be submitted to arbitration as set forth below. With our written consent, which shall not be unreasonably withheld, *You* may have reasonable additional time to evaluate our response to *Your* written particulars.
>
> So long as *You* are not otherwise in default under this Agreement, we will not exercise our rights set forth under "What May We Do in Case of Default?", pending the outcome of the arbitration on the disputed amount of *Your Payment Obligation*.
>
> **What about disputes other than disputes about payment due?**
>
> **Any other unresolved dispute arising out of this Agreement must be submitted to arbitration.** *You* must notify us in writing as soon as *You* have submitted a dispute to arbitration. We must notify *You* in writing as soon as we have submitted a dispute to arbitration.

**Arbitration Procedures**

...

**Qualifications of arbitrators:** Unless *You* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *Yours*, domiciled in the United Sates of America not under the control of either party to this Agreement.

**How the arbitration must proceed:** <u>**The arbitrators shall determine where the arbitration shall take place.**</u>  The arbitration must be governed by the United Sates Arbitration Act, Title 9 U.S.C. Section 1, et seq.  Judgment upon the award rendered by the arbitrators may be entered by a court having jurisdiction thereof.

*You* and we must both submit our respective cases to the arbitrators within 30 days of the appointment of the third arbitrator.  The arbitrators must make their decision within 60 days following the termination of the hearing, unless *You* and we consent to an extension.  The majority decision of any two arbitrators, when file with *You* and us will be final and binding on *You* and on us.

The arbitrators must interpret this Agreement as an honorable engagement and not merely a legal obligation.  They are relieved of all judicial formalities.  They may abstain from following the strict rules of law.  They must make their award to effect the general purpose of this Agreement in a reasonable manner.

The arbitrators must render their decision in writing, based upon a hearing in which evidence may be introduced without following strict rules of evidence, but in which cross-examination and rebuttal must be allowed.

The arbitrators may award compensatory money damages and interest thereupon.  They may order *You* to provide collateral to the extent required by this Agreement.  <u>**They will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability.**</u>  However, they will not have the power to award exemplary damages or punitive damages, however denominated, whether or not multiplied, whether imposed by law or otherwise.

4

> **Expenses of Arbitration:** *You* and we must each bear the expense of our respective arbitrator and must jointly and equally bear with each other the expense of the third arbitrator and of the arbitration.
>
> This Section will apply whether that dispute arises before or after termination of this Agreement.

See, Exhibit 1, Demand Exhibit A at A 008-009 (emphasis added). The Addendum specifically provides that:

> **How arbitrators must be chosen:** You must choose one arbitrator and we must choose another. They will choose the third. If you or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, or if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, either party may make application only to a court of competent jurisdiction in the City, County, and State of New York. **Similarly, any action or proceeding concerning arbitrability, including motions to compel or to stay arbitration, may be brought only in a court of competent jurisdiction in the City, County, and State of New York.**

See, Exhibit 1, Demand Exhibit A at A 013 (emphasis added).

8. As shown above, not only does the Program provide that all disputes must be submitted to arbitration, but it specifically states who is qualified to serve as arbitrators.

9. By the Demand, National Union demanded that Respondent appoint an arbitrator within 30 days as required by the Arbitration Clause. See Exhibit 1, Demand at p 2.

10. Excel has not appointed an arbitrator within 30 days of the Demand, as required by the clause above.

11. This Court should compel arbitration and appoint an arbitrator, as the parties agreed.

5

12. On a prior occasion in another case, National Union asked another court to appoint an arbitrator, and in that instance, this Court (Justice Wetzel) turned to ARIAS*US, an association that trains and certifies arbitrators for the insurance and reinsurance industry. See attached decision by Justice Wetzel in which he "reviewed candidates from the list maintained by ARIAS*U.S.," and chose from that list. (Exhibit 3). We ask this Court to do the same.

13. All ARIAS-certified arbitrators are listed on its web page http://www.arias-us.org. ARIAS also lists a more select list of individuals it recommends to serve as neutral arbitrators (referred to as "Umpires").

14. In order to aid the Court to select qualified individuals, who are certified to be both qualified and neutral, National Union offers the following six candidates from the more select ARIAS Umpire list, and asks this Court to select from among these six names:

- Nasri H. Barakat
- Linda Martin Barber
- Sylvia Kaminsky
- Roger M. Moak
- Debra J. Roberts
- Richard L. White

The ARIAS resume of each of these individuals is annexed as Exhibit 4.

15. No previous application for the relief sought has been made.

6

WHEREFORE, this Court should issue an order compelling arbitration and appointing an Arbitrator from the list of qualified candidates proposed by Petitioner, or alternatively appoint such qualified person as the Court deems proper, and for other such relief that is deemed just and proper.

Dated: New York, New York
August 14 2008

ZEICHNER ELLMAN & KRAUSE LLP

By: *[signature]*
Michael S. Davis
Greg M. Bernhard
Mary G. McCarthy
Attorneys for Petitioner
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

TO: Peggy Butcher, Chief Financial Officer
Excel Staffing Services, Inc.
33747 N. Scottsdale Road, Suite 135
Scottsdale, Arizona 85266

Cliff Blake, President
Excel Staffing Services, Inc.
33747 N. Scottsdale Road, Suite 135
Scottsdale, Arizona 85266