Michael S. Davis
Greg M. Bernhard
Mary G. McCarthy
ZEICHNER ELLMAN & KRAUSE LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

Attorneys for Petitioner,
National Union Fire Insurance Company of Pittsburgh, Pa.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, on behalf of itself and each of the related insurers that provided insurance to respondents,<br><br>                    Petitioner,<br><br>         - against -<br><br>EXCEL STAFFING SERVICES INC. and its affiliated entities,<br><br>                    Respondent. | Case No.: 08 CIV 7249 (SAS) |

## MEMORANDUM OF LAW IN SUPPORT OF PETITION OF NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. TO COMPEL ARBITRATION AND TO APPOINT ARBITRATOR

### PRELIMINARY STATEMENT

National Union Fire Insurance Company of Pittsburgh, Pa. submits this Memorandum of Law in support of its petition (the "Petition") to compel arbitration and to appoint an umpire to serve in the arbitration with Excel Staffing Services, Inc. ("Excel" or "Respondent").

529954.v1/10670-019/MGM

## FACTUAL BACKGROUND

A.  **The Insurance Program and the Parties**

Petitioner is National Union Fire Insurance Company of Pittsburgh, Pa., on behalf of itself and each of its related companies, (collectively, "National Union") that provided coverage to Respondent Excel and each of its subsidiary, affiliated or associated organizations that are included as named insured under any of the policies issued pursuant to an insurance program (the "Insurance Program") beginning on December 31, 2004.

The Insurance Program is governed by a Payment Agreement dated December 31, 2004 (the "Payment Agreement"), an addendum to the Payment Agreement (the "Addendum") and certain addenda and schedules to the Payment Agreement (together, the "Program Agreements").

B.  **The Agreement to Arbitrate**

The Program Agreements contain an arbitration clause (the "Arbitration Clause") that provides:

> We will review the disputed items promptly and provide *You* with further explanations, details, or corrections. *You* must pay us the correct amounts for the disputed items within 10 days of agreement between *You* and us about their correct amounts. Any disputed items not resolved within 60 days after our response to *Your* written particulars must immediately be submitted to arbitration as set forth below. With our written consent, which shall not be unreasonably withheld, *You* may have reasonable additional time to evaluate our response to *Your* written particulars.
>
> So long as *You* are not otherwise in default under this Agreement, we will not exercise our rights set forth under "What May We Do in Case of Default?", pending the outcome of the arbitration on the disputed amount of *Your Payment Obligation.*
>
> **What about disputes other than disputes about payment due?**

**Any other unresolved dispute arising out of this Agreement must be submitted to arbitration.** *You* must notify us in writing as soon as *You* have submitted a dispute to arbitration. We must notify *You* in writing as soon as we have submitted a dispute to arbitration.

**Arbitration Procedures**

...

**Qualifications of arbitrators:** Unless *You* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *Yours*, domiciled in the United Sates of America not under the control of either party to this Agreement.

**How the arbitration must proceed: The arbitrators shall determine where the arbitration shall take place.** The arbitration must be governed by the United Sates Arbitration Act, Title 9 U.S.C. Section 1, et seq. Judgment upon the award rendered by the arbitrators may be entered by a court having jurisdiction thereof.

*You* and we must both submit our respective cases to the arbitrators within 30 days of the appointment of the third arbitrator. The arbitrators must make their decision within 60 days following the termination of the hearing, unless *You* and we consent to an extension. The majority decision of any two arbitrators, when file with *You* and us will be final and binding on *You* and on us.

The arbitrators must interpret this Agreement as an honorable engagement and not merely a legal obligation. They are relieved of all judicial formalities. They may abstain from following the strict rules of law. They must make their award to effect the general purpose of this Agreement in a reasonable manner.

The arbitrators must render their decision in writing, based upon a hearing in which evidence may be introduced without following strict rules of evidence, but in which cross-examination and rebuttal must be allowed.

The arbitrators may award compensatory money damages and interest thereupon. They may order *You* to provide collateral to the extent required by this Agreement. **They will have exclusive jurisdiction over the entire matter in dispute, including any question as to its arbitrability.** However, they will not have the

> power to award exemplary damages or punitive damages, however denominated, whether or not multiplied, whether imposed by law or otherwise.
>
> **Expenses of Arbitration:** *You* and we must each bear the expense of our respective arbitrator and must jointly and equally bear with each other the expense of the third arbitrator and of the arbitration.
>
> This Section will apply whether that dispute arises before or after termination of this Agreement.

See, Exhibit 1[1], Demand Exhibit A at A008 – A009 (emphasis added). The Addendum specifically provides that:

> **How arbitrators must be chosen:** You must choose one arbitrator and we must choose another. They will choose the third. If you or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, or if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, either party may make application only to a court of competent jurisdiction in the City, County, and State of New York. **Similarly, any action or proceeding concerning arbitrability, including motions to compel or to stay arbitration, may be brought only in a court of competent jurisdiction in the City, County, and State of New York.**

See, Exhibit 1, Demand Exhibit A at A013 (emphasis added).

C.  **The Demand For Arbitration**

National Union served a demand for arbitration dated June 23, 2008 (the "Demand"), asserting claims for amounts due from Respondent ("You" under the Payment Agreement).

---

[1] Exhibits referred to herein are annexed to National Union's Petition to Compel Arbitration and to Appoint an Arbitrator.

D.  **Failure to Appoint an Arbitrator**

In accordance with the Arbitration Clause, the Demand includes a demand by National Union that Respondent appoint an arbitrator within thirty (30) days. See Exhibit 1, Demand at p. 2.

Respondent did not appoint an arbitrator within thirty days and has failed to proceed with arbitration.

**ARGUMENT**

**I.**

**THE FEDERAL ARBITRATION ACT REQUIRES ARBITRATION**

The agreement provides for arbitration of "any other unresolved dispute arising out of this Agreement" and that "the arbitrators shall have exclusive jurisdiction over the entire matter in dispute, including the issue of arbitrability." This is a broad arbitration agreement and the United States Arbitration Act and controlling case law require that this Court enforce this arbitration agreement. Section 2 of the Act, 9 U.S.C. § 2 provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, **shall be valid, irrevocable, and enforceable**, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. (Emphasis added.) The Supreme Court has unambiguously held that this provision is to be followed. Shearson/American Express v. McMahon, 482 U.S. 220, 226-27, 1907 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987); Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 220, 105 S.Ct. 1238, 1241 (1985).

> Similarly, the Second Circuit has consistently enforced arbitration agreements:
>
> The FAA, codified at 9 U.S.C. §§1-14, provides that written provisions to arbitrate controversies in any contract involving interstate commerce 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.' Id. §2. 'There is a strong federal policy favoring arbitration as an alternative means of dispute resolution.' In accordance with that policy, where, as here, the existence of an arbitration agreement is undisputed, doubts as to whether a claim falls within the scope of that agreement should be resolved in favor of arbitrability.

Ace Capital Re Overseas Ltd. v. Central United Life Ins. Co., 307 F.3d 24, 29 (2d Cir. 1994) Citing, Hartford Accident & Indem. Co. v. Swiss Reinsurance Am. Corp., 246 F.3d 219, 226 (2d Cir. 2001) and Moses H. Cone Mem'l Hosp., supra, 24-25. See also, Garten v. Kurth, 265 F.3d 136, 142 (2d Cir. 2001) ("Under the FAA, courts are required generally to resolve questions of arbitrability in favor of arbitration."); Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc., 252 F. 3d 218, 223 (2d Cir. 2001) ("It is familiar law that the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (1994) (Arbitration Act), expresses 'a liberal federal policy favoring arbitration agreements' and that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Citing, Moses H. Cone Mem'l Hosp., supra, 24-25.) Thus, National Union requests that this Court compel Excel to appear and respond to the arbitration proceeding in accordance with the Program Agreements.

## II.

## THIS COURT SHOULD APPOINT AN ARBITRATOR

A. **Respondent Is in Default of
Its Obligation to Appoint an Arbitrator**

The Payment Agreement provides that if a party refuses or neglects to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so, then either party may make application only to a court in the City, County and State of New York. National Union demanded that Respondent appoint an arbitrator within 30 days of service of the Demand on June 23, 2008. Respondent failed to appoint an arbitrator within thirty days of National Union's Demand as required by the Arbitration Clause. Accordingly, National Union requests that this Court appoint a qualified arbitrator in accordance with the Arbitration Clause.

The Addendum to the Payment Agreement provides:

> **How arbitrators must be chosen:** *You* must choose one arbitrator and we must choose another. They will choose the third. **If *You* or we refuse or neglect to appoint an arbitrator within 30 days after written notice from the other party requesting it to do so**, or if the two arbitrators fail to agree on a third arbitrator within 30 days of their appointment, **either party may make application only to a court of competent jurisdiction in the City, County and State of New York.**

Exhibit 1, Demand Exhibit A at A013 (emphasis added).

The contract of the parties is clear on the process and qualifications for selecting arbitrators and this Court should enforce the contract. See Universal Reinsurance Corporation v. Allstate Insurance Company, 16 F.3d 125 (7th Cir. 1994). In Universal, the Court of Appeals reversed the District Court's decision permitting appointment of an arbitrator four days after the

date it was due, stating "we are constrained by the terms of the parties' agreement and the Federal Arbitration Act to reach a different result." Id., at 128. In Universal, the consequences of the Court's decision were far more severe than in the instant matter because, in accordance with the contract at issue in the Universal case, Allstate had appointed an arbitrator for Universal when Universal made its appointment four days late. Here, National Union is merely requesting – as per the parties' agreement – that the Court appoint a qualified arbitrator.

**B.    National Union Requests that this Court
       Appoint an ARIAS-Qualified Arbitrator**

The Arbitration Clause provides specific qualifications for arbitrators:

> **Qualifications of arbitrators:** Unless *You* and we agree otherwise, all arbitrators must be executive officers or former executive officers of property or casualty insurance or reinsurance companies or insurance brokerage companies, or risk management officials in an industry similar to *Yours*, domiciled in the United Sates of America not under the control of either party to this Agreement.

Exhibit 1, Demand Exhibit A at A008. National Union requests that this Court appoint an arbitrator meeting these contractually-agreed qualifications.

On a prior occasion in another case, National Union similarly asked the New York State Supreme Court to appoint an arbitrator under a similar contractual provision, and in that instance, the Court turned to ARIAS*US, an association that trains and certifies arbitrators for the insurance and reinsurance industry. See the unpublished decision of the New York State Supreme Court in National Union v. Dyneer, a copy of which is annexed as Exhibit 3, in which the Court "reviewed candidates from the list maintained by ARIAS U.S.," and chose from that list. We ask this Court to do the same.

ARIAS presently certifies over 300 potential arbitrators. Many, but not all, ARIAS-certified arbitrators qualify under the Payment Agreement. All ARIAS-certified arbitrators are listed on its web page http://www.arias-us.org. ARIAS' website also lists a more select group of individuals it recommends to serve as neutral arbitrators (referred to as "Umpires"). In order to aid the Court to select qualified individuals, who are certified to be both qualified and neutral, National Union offers the following six candidates from the more select ARIAS Umpire list, and asks this Court to select from among these six names:

- Nasri H. Barakat
- Linda Martin Barber
- Sylvia Kaminsky
- Roger M. Moak
- Debra J. Roberts
- Richard L. White

The ARIAS resumes of these individuals are attached as Exhibit 4. Accordingly, this Court should enforce the agreement of the parties and appoint a qualified arbitrator to serve in this arbitration.

### III.

### A HEARING ON SHORT NOTICE IS WARRANTED

Section 4 of the FAA states, in part, that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such

arbitration proceed in the manner provided for in such agreement. **Five days'** notice in writing of such application shall be served upon the party in default. (Emphasis added).

9 U.S.C. § 4.

Accordingly, National Union seeks a hearing on five days' notice pursuant to 9 U.S.C. § 4 or on a date at the earliest convenience to the Court.

### CONCLUSION

National Union respectfully requests that this Court appoint an arbitrator and compel Excel to appear and respond to the arbitration proceeding.

Dated:   New York, New York
         August 14, 2008

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Michael S. Davis
Greg M. Bernhard
Mary G. McCarthy
 Attorneys for Petitioner, National Union
 Fire Insurance Company of Pittsburgh, Pa.
575 Lexington Avenue
New York, New York 10022
(212) 223-0400

529954.v1/10670-019/MGM