UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA, on
behalf of itself and each of the related
insurers that provided coverage to
respondents,

                Petitioner,

- against -

EXCEL STAFFING SERVICES INC. and its
affiliated entities,

                Respondents.

------------------------------------------------------------ X

**MEMORANDUM OPINION
AND ORDER**

08 Civ. 7249 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/17/09

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

**I.    INTRODUCTION**

        National Fire Insurance Company of Pittsburgh, PA ("petitioner") petitions the Court to confirm an arbitration order against Excel Staffing Services Inc. ("respondent"). For the reasons stated below, the petition is granted.

1

## II. BACKGROUND[1]

Petitioner started providing certain insurance coverages for the respondent and their employees pursuant to an insurance program (the "Insurance Program") as of December 31, 2004.[2] The parties also entered into a Payment Agreement (the "Payment Agreement") in connection with the Insurance Program as of December 31, 2004.[3] An addendum to the Payment Agreement contained an arbitration clause.[4] The Insurance Program was renewed each year through 2006 by adoption of certain addenda and schedules to the Payment Agreement.[5]

Petitioner served respondent with a Demand for Arbitration dated June 23, 2008, which asserted claims for all amounts owed as reimbursement, expenses, fees, premiums, damages, or security pursuant to the Insurance Program.[6] That Demand for Arbitration was annexed to a Petition to Compel

---

[1] This motion to reopen the case and confirm the arbitration award is unopposed. The background is thus drawn from either the petitioner's 4/30/09 Memorandum of Law ("Memorandum") or the 4/30/09 Declaration of Greg M. Bernhard, Attorney for Petitioner ("Bernhard Decl.").

[2] *See* Bernhard Decl. ¶ 3.

[3] *See id.* ¶ 5.

[4] *See id.*

[5] *See id.*

[6] *See id.* ¶ 4.

2

Arbitration, dated August 14, 2008.[7] Respondent defaulted, and on September 16, 2008, I entered an order granting petitioner's motion to compel arbitration.[8] "Meanwhile, extremely concerned about the adequacy of the security it holds in connection with [r]espondent['s] obligations under the Payment Agreement, [petitioner] filed a motion with the arbitrators seeking additional security . . . from respondent[] on or about February 26, 2009."[9]

On April 14, 2009, the Arbitration Panel issued an award, which ordered respondent to pay $2,914,871 to petitioner on or before April 24, 2009.[10] Petitioner has done all in its power to obtain the award, but respondent have not responded or indicated any willingness to pay.[11]

---

[7]   See id.

[8]   See id. ¶ 6. See also 8/15/08 Order to Show Cause, No. 08 Civ. 7249, Docket No. 3.

[9]   Memorandum at 2.

[10]   See Bernhard Decl. ¶ 7. See also 4/14/09 Arbitration Award, Ex. A to Bernhard Decl., at 3. The Arbitration Award itself notes respondent's malfeasance, such as their failure to answer papers and their instruction to their attorneys not to attend the arbitration hearing.

[11]   See Bernhard Decl. ¶¶ 9, 10.

## III. LEGAL STANDARD

### A. Reopening this Case

The Federal Arbitration Act (the "FAA") is silent with respect to a subsequent application in a closed special proceeding.[12] There is a "federal policy favoring arbitration, and ambiguities as to the scope of [an] arbitration clause itself [are] resolved in favor of arbitration."[13] "There is no federal policy favoring arbitration under a certain set of procedural rules; the federal policy is simply to ensure the enforceability, according to their terms, of private agreements to arbitrate."[14] "The FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration."[15] New

---

[12]   *See* 9 U.S.C. §§ 1-16.

[13]   *Volt Info. Scis., Inc. v. Board of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 476 (1989). *Accord In re Salomon Inc. S'holders' Derivative Litig.*, 68 F.3d 554, 557 (2d Cir. 1995) ("By now, it is axiomatic that federal policy strongly favors arbitration as an alternative dispute resolution process.") (citations omitted).

[14]   *Volt Info. Scis.*, 489 U.S. at 476.

[15]   *Id.* at 477. *Accord Progressive Cas. Ins. Co. v. C.A. Reaseguradora Nacional*, 991 F.2d 42, 46 & n.6 (2d Cir. 1993) (where FAA invoked through diversity jurisdiction, state law controls, unless preempted). *Cf. Allied Int'l Union v. Tristar Patrol Servs., Inc.*, No. 06 Civ. 15515, 2007 WL 2845227, at *2 (S.D.N.Y. Sept. 26, 2007) ("Courts in this Circuit only look to New York's arbitration statute when the Labor Management Relations Act [, 29 U.S.C. § 185(a), which confers subject matter jurisdiction to federal courts to confirm or vacate an arbitration award,] is silent on an issue.").

York Civil Practice Law and Rules states that in a special proceeding before a court involving an arbitrable controversy, "notwithstanding the entry of judgment, all subsequent applications shall be made by motion in the special proceeding or action in which the first application was made."[16]

### B. Confirmation of Arbitration Order

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.[17]

"The FAA was designed to overrule the judiciary's long-standing refusal to enforce agreements to arbitrate[ . . .] and to place such agreements upon the same footing as other contracts[.]"[18] "It simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their

---

[16] N.Y. C.P.L.R. § 7502(a)(iii).

[17] 9 U.S.C. § 9.

[18] *Volt Info. Scis.*, 489 U.S. at 478 (citations omitted).

terms."[19] "An arbitration award must be upheld on even a barely colorable justification for the outcome reached."[20]

## IV. DISCUSSION

### A. Reopening this Case

Re-opening this case for purposes of this petition is the practical and just course to take. Nothing in the FAA forbids such an action, and New York State law expressly allows for subsequent motions to be entertained by the court that first addressed the special proceeding, as this Court did in its prior order. Accordingly, this case is reopened for purposes of considering the petition.

### B. Confirmation of Arbitration Order

The arbitration award calls for respondent to pay a sum of money as security for an insurance program. The facts indicate, without a scintilla of doubt, that respondent have ignored their responsibilities with regard to the insurance program and the subsequent arbitration proceedings and award. The award is merely a repayment of moneys owed to petitioner and does not include any punitive element. The award even gives respondent the option of fronting cash

---

[19] *Id.* (citations omitted).

[20] *InterDigital Commc'ns Corp. v. Nokia Corp.*, 407 F. Supp. 2d 522, 529 (S.D.N.Y. 2005) (citations omitted). Because the respondent did not answer, the "manifest disregard of the law" doctrine has not been raised.

and paying the remainder with a letter of credit. Federal law, state law, and overwhelming policy considerations compel this Court to confirm the arbitration award. Accordingly, the petition is granted.

## V.    CONCLUSION

The Arbitration Award is ratified and confirmed in all respects. Accordingly, National Union Fire Insurance Company of Pittsburgh, PA shall recover from respondent Excel Staffing Services Inc. $2,914,871.00 and petitioner shall have execution thereon. The Clerk of the Court is directed to close this Petition and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 16, 2009

## -Appearances-

**For Petitioner:**

Greg M. Bernhard, Esq.
Michael S. Davis, Esq.
Mary G. McCarthy, Esq.
Zeichner Ellman & Krause LLP
575 Lexington Avenue
New York, New York 10022
(212) 223-0400